

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2005 NOV 16  P 3: 15

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NO: 99-228 |
| PABLO GARAY APONTE | * | SECTION: "D" |

### ORDER AND REASONS

Before the court is the **"Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence"** filed by Pablo Garay Aponte. The Government filed a response memorandum. The §2255 Motion is before the court on the parties' briefs, without oral argument.

Having reviewed the parties' briefs, the record and the applicable law, the court concludes that:

(1) an evidentiary hearing is not necessary because all of the facts underlying the claims raised in this § 2255 Motion are contained in the record, and the resolution of Petitioner's claims depends solely upon the application of the relevant case law and standard of reviews

___ Fee_____
___ Process_____
X  Dktd_____
___ CtRmDep____
___ Doc No._____

to facts that are already part of the record;
and

(2)  the § 2255 Motion should be denied.

## I.  Background

On July 16, 1999, Aponte was charged with one count of conspiring to distribute more than five kilograms of cocaine hydrochloride, and with possession intent to distribute more than five kilograms of cocaine hydrochloride.  On October 5, 1999, a superseding indictment charged Aponte with an additional count of making false statements to DEA Special Agents regarding his true name, social security number and date of birth.

On October 20, 1999, the court denied Aponte's Motion to Suppress Evidence and Confession after conducting an evidentiary hearing.  On February 28-29, 2000, Aponte went to Trial and a jury found Aponte guilty on all three counts contained in the Superseding Indictment.

On May 17, 2000, the court sentenced Aponte to 212 months imprisonment as to Counts 1 and 2, and 60 months as to Count 3 to be served concurrently.  Aponte thereafter appealed to the United States Court of Appeals for the Fifth Circuit arguing insufficiency of evidence and admission of evidence that had not been properly authenticated. On March 20, 2001, the Fifth Circuit rejected Aponte's claims and affirmed his convictions.  Aponte did not file a petition for certiorari.

2

On June 21, 2005, Aponte filed this §2255 motion,[1] arguing that *Blakely* and *Booker*[2] create a "newly recognized" right that is retroactive and that the one-year statute of limitations on his §2255 Motion began to run, not from the time his conviction became final, but on the date *Blakely* was decided, i.e., June 24, 2004.[3] (*See* Aponte's Response, p. 2). As the court next discusses, the court rejects this argument and finds that Aponte's §2255 Motion is untimely.

## II.  Legal Analysis

Pursuant to 28 U.S.C. §2255, Aponte had a 1-year period of limitations to file his §2255 Motion, and that limitation period shall run from the latest of –

  (1)  **the date on which the judgment of conviction becomes final;**

  (2)  the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

  (3)  **the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral**

---

[1]    Aponte filed no prior §2255 Motion.

[2]    *Blakely v.* Washington, 542 U.S. 296, 124 S.Ct. 2431, 159 L.Ed.2d 403 (2004); *United States v. Booker*, __U.S.__, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

[3]    Aponte states that he relies upon the rule announced in *Booker*, but that rule was first announced in *Blakely* on June 24, 2004.  Thus, Aponte maintains that because his §2255 Motion was filed within a year of June 24, 2004, his motion is timely.  (*See* Aponte's Response, p. 2).

**review;** or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255, ¶6 (emphasis added).

Based on the circumstances presented by this case, sections 2 and 4 (above) are not applicable here, and thus the court need only address whether or not Aponte's §2255 Motion is timely under sections 1 or 3 above.  In other words, Aponte's 1-year statute of limitations shall run from the latest of:

(1)     **the date on which the judgment of conviction becomes final;** or

(3)     **the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.**

As the court next discusses, Aponte's §2255 Motion is untimely because Aponte failed to file his §2255 motion within one year from the date of final conviction, and any new right recognized in *Booker* was not made retroactively applicable for cases on collateral review.

**A.   Aponte's §2255 Motion is untimely because it was not filed within one year of the time his conviction became final.**

On March 20, 2001, the Fifth Circuit affirmed Aponte's

4

conviction.  Because Aponte did not file a petition for certiorari, his conviction was final 90 days after the Fifth Circuit's decision, or on June 6, 2001.[4]  Thus, Aponte had until June 6, 2002 to file his §2255 Motion.  But he did not file the instant §2255 Motion until June 21, 2005, more than 36 months after the June 6, 2002 deadline.  Thus, Aponte's §2255 Motion is untimely under 28 U.S.C. §2255, ¶6(1).

**B.  *Booker* is not retroactive for cases on collateral review.**

In the *Blakely* decision issued on June 24, 2004, the United States Supreme Court held that the sentencing procedures of the State of Washington violated the Sixth Amendment because the defendant received an enhanced sentence based on factual findings made by a judge, and not by a jury.  In the *Booker* decision issued on January 12, 2005, the Supreme Court found that the rationale of *Blakely* applied to the federal sentencing guidelines, making them advisory rather mandatory.

The *Booker* Court further held that "we must apply today's holdings - both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act - **to all cases on direct review.**" *Booker*, 125 S.Ct. at 769 (emphasis added).  But the Court was silent on whether *Booker* should be applied retroactively to

---

[4]     A judgment of conviction "becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003).

convictions and sentences that are already final.[5]

However, several circuit courts have subsequently held that defendants whose convictions have become final are foreclosed from seeking **initial** collateral relief based on *Booker*. *See e.g.*, *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005)(concluding that *Booker* states a new non-watershed procedural rule and does not apply retroactively to criminal cases final before its release); *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005)(same); *United States v. Price*, 400 F.3d 844 (10th Cir. 2005); *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005)(same); *Guzman v. United States*, 404 F.3d 139 (2d Cir. 2005)(same); *Lloyd v. United States*, 407 F.3d 608 (3d Cir. 2005)(same); *United States v. Bellamy*, 411 F.3d 1182 (10th Cir. 2005)(same); *Never Misses a Shot v. United States*, 413 F.3d 781 (8th Cir, 2005)(same); *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005)(same); *United States v. Morris*, __F.3d__, 2005 WL 2950732 (4th Cir. 2005)(same).[6]

---

[5]    Such retroactivity was not an issue in *Booker* or its companion case, *Fanfan*, both of which came to the Supreme Court as direct criminal appeals.

[6]    The First Circuit has taken a slightly different approach. *See Cirilo-Munoz v. United States*, 404 F.3d 527 (1st Cir. 2005)(holding that *Booker* claims cannot be advanced under §2255 in the absence of a Supreme Court decision rendering *Booker* retroactive).

The Fifth Circuit has held that the Supreme Court has not made *Booker* retroactive for purposes of allowing **second or successive** §2255 motions. *In re Elwood*, 408 F.3d 211 (5th Cir. 2005). Further, in the context of discussing whether a claim fell within the savings clause of §2255, a panel of the Fifth Circuit has recently stated: "Like *Apprendi*, *Booker's* holding is

This court agrees with the reasoning set forth with these federal courts of appeals which have directly addressed the issue of whether or not *Booker* is retroactive on initial collateral review, and the court concludes that *Booker* does not apply retroactively to Aponte's initial §2255 Motion.  Because Aponte's conviction became final (on June 6, 2001) prior to the date *Booker* was decided (on January 12, 2005), Aponte is not entitled to relief under *Booker*.

<h3 style="text-align:center">III.  Conclusion</h3>

For the reasons set forth above,

**IT IS ORDERED** that the "**Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence**" filed by Pablo Garay Aponte be and is hereby **DENIED.**

New Orleans, Louisiana, this 16 day of Nov , 2005.

A. J. McNAMARA
UNITED STATES DISTRICT JUDGE

---

not retroactively applicable to cases on collateral review." *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005).  However, the Fifth Circuit has not directly addressed whether *Booker* is retroactive on **initial** collateral review outside the context of §2255's savings clause.